[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10337
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04487-WSD

VIJAY K. VIG,

Plaintiff-Appellant,

versus

ALL CARE DENTAL, P.C.,
a Georgia Professional Corporation,
DR. SATPAL K. SHIKH,
CEO, and 60% shareholder of All Care Dental, P.C.,

Defendants-Appellees,

RAJENDRAPAL K. SHIKH,
40% shareholder & book-keeper of
All Care Dental, P.C.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 10, 2014)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Vijay K. Vig, proceeding pro se, appeals the district court's grant of judgment as a matter of law in favor of the defendants, Dr. Satpal K. Shikh and her dental practice, All Care Dental.[1]  Vig claimed that the defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

Vig first contends that the district court erred by denying his motion for leave to file a second amended complaint, which asserted two new causes of action against the defendants.[2]  Vig filed that motion in January 2013 — thirteen months after filing his original complaint and eleven months after filing his first amended complaint.  The district court denied that second request to amend as untimely, both under the scheduling order and under local court rules requiring all motions to be filed within thirty days after the beginning of discovery.  Noting that it could nevertheless grant Vig's motion if he showed good cause, the district court refused to do so, because he had not alleged any previously unavailable facts and had not been diligent in pursuing the newly asserted causes of action.  The district court

---

[1] Vig's original complaint also named Rajendrapal K. Shikh as a defendant.  Because his first amended complaint made no allegations against her, the district court dismissed her from the case.  Vig does not challenge that ruling on appeal.

[2] We review the denial of leave to amend a complaint for an abuse of discretion.  See Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406 (11th Cir. 1989).

correctly ruled that Vig had not shown good cause.  He pointed to no new evidence to support his proposed second amended complaint, and there is no reason that he could not have alleged, in an earlier pleading, the new claim it attempted to raise. Vig's untimeliness and failure to show good cause amount to a "substantial reason" to deny him leave to amend, meaning the district court did not abuse its discretion.  See Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406–07 (11th Cir. 1989) (holding that although district courts have discretion to deny leave to amend, they may only do so for a "substantial reason").

Vig's second contention is that the district court erred in granting the defendants' Rule 50(a) motion for judgment as a matter of law.[3]  See Fed. R. Civ. P. 50(a).  For Vig to prevail on either his overtime or his minimum wage claims, FLSA must have "covered" his employment.  He argued at trial that his employment came within FLSA's "enterprise coverage."[4]  See Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298–99 (11th Cir. 2011) (explaining the distinction between enterprise and individual coverage).  As a result, Vig needed to prove that the defendants employed him "in an enterprise

---

[3] We review de novo the district court's grant of a Rule 50(a) motion.  Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1244 (11th Cir. 2012).

[4] Vig asserts on appeal that the district court failed to consider "the evidence of individual coverage presented at trial."  But he argued at trial only that his employment came within FLSA's "enterprise coverage."  He did not argue there was "individual coverage."  Even under the "less stringent standard" to which we must hold pro se litigants, "issues not raised below are normally deemed waived."  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

3

engaged in commerce."  See 29 U.S.C. §§ 206(a), 207(a)(1).  All Care qualified as "an enterprise engaged in commerce" only if it had (1) "employees engaged in commerce," and (2) an "annual gross volume of sales made or business done [that] is not less than $500,000."  29 U.S.C. § 203(s)(1)(A); see also Josendis, 662 F.3d at 1299.

After Vig presented all of his evidence, the defendants moved for judgment as a matter of law, arguing that he had failed to prove that All Care's annual sales were at least $500,000.  The district court reserved ruling on the motion.  When the defendants renewed that motion at the close of evidence, the district court granted it.  The court found that Vig had presented no evidence of the defendants' annual sales.  When questioned about this, Vig conceded that he had failed to do that.  As a result, the defendants were entitled to judgment as a matter of law.

Because Vig failed to present evidence of FLSA coverage, all of his remaining arguments fail.

**AFFIRMED.**